IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| RONALD JACK EDWARDS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:17-CV-281 |
| WARDEN, FCI BEAUMONT | § | |

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

Petitioner, Ronald Jack Edwards, a federal prisoner currently confined at FCI Beaumont, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition for writ of habeas corpus be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After a careful review, this court finds the objections lacking in merit. As outlined by the Magistrate Judge, the Supreme Court has not expressly held that *Mathis* applies retroactively to cases on collateral review. *Mathis v. United States*, 136 S.Ct. 2243 (2016). Furthermore, the Fifth Circuit's decisions in *Hinkle* and *Tanksley* do not compel a different result as the court applied *Mathis* on direct appeal, not collateral review. *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016); *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). Moreover, *Hinkle* and *Tanksley* were decided by the Fifth Circuit Court of Appeals and not by the Supreme Court.

Finally, petitioner challenges a sentencing enhancement. Thus, petitioner's challenge does not suggest that he was convicted of a nonexistent offense. *See In re Bradford v. Tamez*, 660 F.3d

226, 230 (5th Cir. 2011) ("a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, is not the type of claim that warrants review under § 2241); *Padilla v. United States*, 16 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). This Court is bound by Fifth Circuit Court precedent and petitioner's objections lack merit.

## ORDER

Accordingly, the petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

**SIGNED** this the 26 day of **October, 2018.**

_____
Thad Heartfield
United States District Judge